(Reap. Dec. 9235)

BLUEFRIES NEW YORK, INC. *v.* UNITED STATES

 Entry No. 744141.

(Decided October 10, 1958)

*Michael Stramiello, Jr.*, for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties herein:

IT IS STIPULATED by and between the attorneys for the parties that:

1. The merchandise marked '*A*' and initialed *JJO* by Examiner *J. J. O'Connor, Jr.* on the invoice herein consists of "SIGMAVAR" and was appraised on the basis of American selling price as defined in Section 402 (g) of the Tariff Act of 1930, and is the same in all material respects as the subject merchandise in *BLUEFRIES NEW YORK INC. V. UNITED STATES*, C. D. 1909, in which this Court held the appraisement to be void since classification was under the provisions of paragraph 75 of the Act.

2. The market value or price of the "SIGMAVAR" herein at the time of the exportation thereof to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was U. S. $5.50 per gallon, less 2 percent, and less packing, freight, duty, delivery charges and customs entry charges.

3. There was no higher foreign value.

4. The instant appeal for reappraisement is submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the items marked "A" on the invoice herein, and that such value was United States $5.50 per

gallon, less 2 per centum, less packing, freight, duty, delivery charges, and customs entry charges.

As to all other merchandise, the appeal for reappraisement is dismissed.

Judgment will be entered accordingly.